UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DELIA MARTINEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05 CV 437JM |
| | ) | |
| CIGNA GROUP INSURANCE, | ) | |
|     Defendant. | ) | |

**OPINION and ORDER**

The purpose of this opinion and order is to clarify the status of this case. Plaintiff filed her complaint on November 9, 2005, in state court, naming CIGNA Group Insurance as defendant, seeking benefits allegedly due to her as the beneficiary under a group life insurance policy. After removing the case to this court and obtaining an enlargement of time, Life Insurance Company of North America ("LINA") moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). LINA made four arguments: 1) that CIGNA Group Insurance is not a legal entity capable of being sued; 2) that plaintiff fails to plead that she exhausted administrative remedies; 3) that plaintiff fails to plead that her decedent was insured under the policy on the date of his death; and 4) that to the extent the complaint seeks damages for breach of a duty of good faith, that claim is preempted by ERISA.[*] (The court notes that LINA characterized argument 3) as a subpart of argument 2)).

In addition to responding to that motion, plaintiff sought leave to file an amended complaint. LINA filed a response stating that it did not oppose that request,

---

[*] The Employee Retirement Income Security Act of 1972, 29 U.S.C. § 1001 *et seq.*

noting that the proposed amended complaint would cure "certain defects," because it named the correct defendant, LINA, and made no claim for bad faith. Leave was granted, and LINA answered the amended complaint. LINA raised affirmative defenses in its answer—one of which was failure to exhaust administrative remedies—but has not informed the court whether it believes its defenses have already been separately briefed as required by LOCAL RULE 7.1(c), due to its prior motion.

Thus, although it is not entirely clear, it appears that grounds 2) and 3) of the original motion to dismiss are still pending as to the amended complaint; that is, that the amended complaint does not adequately plead either exhaustion of remedies or that the decedent was insured on the date of his death. Therefore, the court addresses those two grounds in this order.

Taking the latter issue first, the amended complaint alleges:

> Prior to August 27, 2005, the Plaintiff's husband, Manuel Martinez, had a life insurance policy with Defendant. On August 27, 2005, Manuel Martinez died in a single car accident.

Complaint ¶ 3. LINA's objection to the original complaint was that it didn't plead the date of death. Obviously, that has been cured. While the amended complaint perhaps does not use perfect wording (because it doesn't say that "prior to *and on* August 27" the decedent was insured), it is more than sufficient to give LINA notice of plaintiff's claim, all that is required under the liberal rules of federal notice pleading.

The remaining issue is plaintiff's failure to plead that she exhausted administrative remedies. Because the requirement under ERISA to exhaust administrative remedies is non-jurisdictional, it is an affirmative defense. *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir. 1997); *Paese v. Hartford Life Accident Ins. Co.*, – F.3d – , 2006 WL 1418571 at *7 (2d Cir. May 24, 2006). "Affirmative defenses do not justify dismissal under Rule 12(b)(6); litigants need not try to plead around defenses." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). For LINA's benefit, the court will emphasize this point:

> [The complaint's] assertions may be right or wrong, but how could the complaint be dismissed under Rule 12(b)(6)? The district court found, not a defect in the claim, but the presence of an affirmative defense. See Fed. R. Civ. P. 8(c). Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain any information about defenses and may not be dismissed for that omission.

*Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see also United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).

LINA's motion to dismiss (DE # 6) is **DENIED**.

**SO ORDERED.**

ENTER: June 9, 2006

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT